```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

MARK HAVERKATE,

               Plaintiff,

vs.                                Case No. 2:08-cv-825-FtM-29DNF

MICHAEL J. ASTRUE, Commissioner of
Social Security,

               Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #20) filed on January 25, 2010, recommending that the Commissioner of Social Security's (the "Commissioner") decision to deny social security disability benefits be reversed and remanded with instructions to the Commissioner. The Commissioner filed Objections (Doc. #22) on February 12, 2010.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the

Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.

Although not mentioned in the Objections, the Court declines to adopt the summary of the Administrative Law Judge's (ALJ) Decision set forth at pages 2-3 of the Report and Recommendation. The Court finds the summary and record citations to be inaccurate in certain places. The Court substitutes the following paragraph:

> The Decision of Administrative Law Judge (ALJ) Lawrence Blatnik, dated February 27, 2008, denied the plaintiff's claims for disability and disability insurance benefits. (Tr. 9-24.) At Step 1, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2004, which is his alleged date of disability onset (20 C.F.R. §§ 404.1520(b) and 416.920(b)). (Tr. 14.) At Step 2, the ALJ found that plaintiff has the following severe impairments: coronary artery disease, status post-myocardial infarction; depression; and Hepatitis. (Tr. 14.) At Step 3, the ALJ found that these impairments did not meet or equal--either singly or in combination with any other impairment--any of the impairments in 20 C.F.R., Part 404, Subpart P, Appendix I. (Tr. 18.) At

Step 4, the ALJ determined that plaintiff was unable to perform any of his past relevant work. (Tr. 23.) At Step 5, relying upon the Medical-Vocational Guidelines and the testimony of a vocational expert, the ALJ found that plaintiff could perform jobs that exist in significant numbers in the national economy. (Tr. 23-24.) The ALJ therefore concluded that plaintiff had not been under a disability within the meaning of the Social Security Act from October 1, 2004 through the February 27, 2008 date of the Decision. (Tr. 24.) Plaintiff meets the insured status requirements through March 31, 2010. (Tr. 14.)

The Report and Recommendation is otherwise adopted.

## III.

The Report and Recommendation found that the ALJ's conclusory reasons for rejecting the Veteran Affairs (VA) finding of disability were legally insufficient. (Doc. #20, p. 9.) The Commissioner objects to this finding, arguing that the ALJ properly rejected the disability finding of another agency. (Doc. #22, pp. 2-4.)

The entirety of the ALJ's discussion of the disability finding by the VA is accurately stated in the Report and Recommendation:

> Social Security Regulations provide that a decision by another governmental agency concerning an individual's disability is based upon its own rules and is not binding upon the Social Security Administration. (20 C.F.R. § 404.1504). Accordingly, a determination by the VA does not provide a basis for establishing "disability" within the meaning of the Social Security Act.

(Tr. 22.) The first sentence is undoubtedly true. A disability finding by the VA is based upon its own rules and is not binding upon the Commissioner. This, of course, is a given in every case where a claimant has a VA disability finding. If this reasoning

were considered sufficient to summarily discount the VA determination, however, then an ALJ would never consider another agency's determination. Even the Commissioner concedes that this would not be an accurate statement of the law.

The ALJ's second sentence is clearly incorrect. Despite having its own rules, a VA disability finding <u>may</u> provide a basis for establishing disability within the meaning of the Social Security Act. It does not necessarily do so, but the ALJ cannot make that determination without considering the VA's disability finding on the merits instead of ignoring it on the simple basis that the VA has its own set of rules. The ALJ did not even opine that the VA rules were different from the social security rules, but only that they were not those of the Social Security Administration. The law is clear that despite separate rules, the disability determination of the VA is entitled to great weight. "A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight." <u>Rodriguez v. Schweiker</u>, 640 F.2d 682, 686 (5th Cir. Unit A Mar. 1981).[1] Even a state disability determination based upon a state disability statute that operates "similarly" to the federal social security law must be given great weight. <u>Falcon v. Heckler</u>,

---

[1] In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

732 F.2d 827, 831 (11th Cir. 1984); Bloodsworth v. Heckler, 703 F.2d 1233, 1241 (11th Cir. 1983) (citations omitted).

While the Commissioner argues that "[s]ignificantly, Plaintiff did not show that the standard for disability determination under the VA system was consistent with that of the Social Security Act" (Doc. #22, p. 3), it was not plaintiff's burden to do so. The Commissioner also argues that the "ALJ essentially determined that, although Plaintiff's limitations may have been sufficient to satisfy the requirements to receive disability from the VA, Plaintiff's functional limitations did not render him disabled within the meaning of the Social Security Act (Tr. 19-24)." (Doc. #22, p. 3.) The ALJ made no such determination, "essentially" or otherwise. The ALJ simply gave no weight to the VA finding because the VA had its own set of rules. This is not an adequate reason. While the VA's decision may not carry the day for plaintiff, e.g., Pearson v. Astrue, 271 Fed. Appx. 979 (11th Cir. 2008), the ALJ erred by refraining from considering that finding for a legally insufficient reason. Accordingly, a remand is necessary in order for the Commissioner to give the VA disability finding the required weight and consideration.

**IV.**

The Report and Recommendation found that the ALJ committed reversible error in failing to set forth good cause for rejecting the opinion of the plaintiff's treating physician, Dr. Christine Blakeney, M.D. (Doc. #20, pp. 9-13.) Because of this, the Report

and Recommendation also found that an improper hypothetical question was posed to the vocational expert. (Doc. #20, pp. 13-15.) The Commissioner objects to these findings, arguing that while the ALJ did reject Dr. Blakeney's opinions, there was good cause shown for doing so, and therefore the hypothetical questions to the vocational expert were proper. (Doc. #22, pp. 4-1.) After reviewing the record, the Court agrees with the Report and Recommendation.

While the Commissioner is certainly correct that the opinion of a medical source who is a specialist is entitled to greater weight in the area of his or her specialty (Doc. #22, pp. 5-6), this does not support the discounting of Dr. Blakeney's opinions. Dr. Blakeney was plaintiff's treating physician for over 20 years, and her medical records from 2004 through 2006 are included in the record. No physician had greater contact with plaintiff than did Dr. Blakeney. A family practice physician such as Dr. Blakeney is not considered to opine outside her area of expertise by assessing the mental abilities of her long-time patient. None of Dr. Blakeney's opinions are contradicted by other treating physicians, or by the several consultative physicians who provided information to the Commissioner. While Dr. Blakeney's ultimate opinion about disability is not binding upon the ALJ, her medical findings and opinions concerning plaintiff's mental status could not be properly discounted by the ALJ. In light of this, the failure to include

these limitations in the hypothetical questions posed to the vocational expert was also error.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #20) is **ACCEPTED AND ADOPTED** by the Court **AS MODIFIED ABOVE.**

2. The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can: (1) fully and properly address the findings of disability by the Veterans Administration; (2) accord proper weight to the opinions of Dr. Christine Blakeney; (3) reassess plaintiff's subjective complaints and credibility in light of the proper assessment of the Veterans Administration findings and the proper weight given to Dr. Blakeney's opinions; (4) pose correct and complete hypothetical questions to a vocational expert in connection with the determination at Step 5 of the evaluation process; (5) take such further steps as are needed to properly resolve plaintiff's claim; and (6) issue a new decision based upon substantial evidence and proper legal standards.

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of February, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record